UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARCELIO JOSEPH REYBOL,<br><br>Plaintiff,<br><br>v.<br><br>SPACE FORCE, et al.,<br><br>Defendants. | Case No. 25-cv-03086-PHK<br><br>**REPORT AND RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE**<br><br>Re: Dkts. 6, 7 |

### RELEVANT BACKGROUND

On April 4, 2025, *pro se* Plaintiff Arcelio Joseph Reybol filed the original Complaint in this action, as well as an application to proceed *in forma pauperis* ("IFP"). *See* Dkts. 1-2. On June 23, 2025, the Court denied without prejudice Plaintiff's motion for leave to proceed *in forma pauperis* because his financial affidavit was "incomplete and inconsistent" and thus failed to provide sufficient information regarding Plaintiff's assets and liabilities from which the Court could determine whether or not Plaintiff is entitled to IFP status. [Dkt. 6 at 1]. The Court granted Plaintiff leave to file an amended or corrected *in forma pauperis* application by July 21, 2025. *Id.* at 5. Alternatively, the Court advised that Plaintiff could pay the filing fee on or before this same deadline and thus forego his request to proceed *in forma pauperis*. *Id.* The Court's June 23, 2025, Order stated that "[s]hould Plaintiff Reybol fail to file a properly completed, amended *in forma pauperis* application by the deadline and should he fail to pay the filing fee by the deadline as well, this will have negative consequences for this case, including the potential issuance of a report and recommendation of denial of leave to proceed *in forma pauperis* with prejudice or such other further consequences as the Court may determine (including potentially dismissal of this action with

1  prejudice)." *Id.* at 6.

2  Because Plaintiff neither filed an amended *in forma pauperis* application by the July 21, 2025 deadline nor sought an extension of time from the Court to do so, on October 22, 2025, this Court issued an Order to Show Cause requiring Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute and failure to comply with the Court's Orders. [Dkt. 7]. In that October 22, 2025 Order to Show Cause, the Court explicitly warned Plaintiff that failure to respond and show cause as directed would result in this Court's issuing a recommendation to dismiss the case, in its entirety. *Id.* at 2. The Court ordered Plaintiff to either file a written response to the Order to Show Cause; file an amended *in forma pauperis* application which addressed and cured the deficiencies noted by the Court's previous Order; or forego *in forma pauperis* status and pay the $405 filing fee by no later than November 14, 2025. *Id.*

To date, Plaintiff has not responded to the Court's October 22, 2025 Order to Show Cause in any manner, nor has Plaintiff sought an extension of time from the Court to do so. It is now well-past the original deadline to file an amended *in forma pauperis* application after denial of the original application, and also well past the deadline to file a response to the Order to Show Cause as required by this Court. *See* Dkts. 6-7.

**DISCUSSION**

The Court possesses the inherent power to dismiss an action *sua sponte* if a plaintiff fails to prosecute their action or fails to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court orders). Rule 41(b) allows for the *sua sponte* dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." *See* Fed. R. Civ. P. 41(b). Based on Plaintiff's failure to respond both to the original Order denying Plaintiff's IFP application and to the Order to Show Cause, the Court finds that sufficient grounds exist to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff has plainly failed to obey Court Orders and to diligently prosecute this action. Indeed, Plaintiff has failed to prosecute the case at all.

Before imposing dismissal as a sanction, the Court must consider five factors: "(1) the

2

public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (quoting *Yourish*, 191 F.3d at 990). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish*, 191 F.3d at 990).

Here, Plaintiff has failed to comply with this Court's Order to Show Cause and has failed to comply with this Court's previous Order to file an amended application to proceed *in forma pauperis*. *See* Dkts. 6-7. The Court finds that an analysis of all the factors, in total, strongly favors a conclusion that this action should be dismissed.

As to the first factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish*, 191 F.3d at 990) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Relatedly, as to the second factor, the Court's need to manage its docket will be served by dismissing this action. *Id.* ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]").

The third factor marginally favors dismissal. While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," unreasonable delay creates a presumption of prejudice. *Id.*; *see also In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). Here, while Defendants have not yet been served, there is potentially some quantum of prejudice to having an open action against them on the public docket. Plaintiff's continuing delay and inaction also risks prejudice to Defendants due to the potential loss of evidence due to the passage of time, difficulty in locating evidence that may end up getting archived or stored in difficult-to-retrieve locations or electronic formats, fading of witnesses' memories, and loss of access or control over employees or other witnesses (due to changes in jobs, moving to other nations or other parts of this country, unavailability due to disability or death, or other such circumstances). *See Pagtalunan*, 291 F.3d at 643 (finding that stale evidence and faded memories create risks of prejudice); *see also Andrews v.*

*Humboldt Cnty.*, No. 23-cv-02421-RMI, 2023 WL 6629788, at *2 (N.D. Cal. Oct. 10, 2023) (noting witness unavailability as one basis to find prejudice). The Court is cognizant that the delay here only risks such prejudice (as opposed to a situation where such prejudice has been shown to actually exist), and thus the Court finds that this factor only marginally favors dismissal.

The fourth and fifth factors also favor dismissal of this action. By requiring Plaintiff to explain why this case should not be dismissed for lack of prosecution and allowing Plaintiff to satisfy the Order to Show Cause simply by filing an explanation, Plaintiff was on notice that the failure to adequately respond to the Order to Show Cause could result in the dismissal of the action. [Dkt. 7]. Despite this notice, Plaintiff made no attempt to respond to the Order to Show Cause or otherwise show diligence in the prosecution of this case. *Villalobos v. Vilsack*, 601 F. App'x 551, 552 (9th Cir. 2015) (affirming district court's dismissal without prejudice for failure to prosecute after the plaintiff did not respond to order to show cause).

Finally, the Court has considered whether lesser sanctions are appropriate. Here, the Court concludes that dismissal *without* prejudice is appropriate. *Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) ("[D]ismissal without prejudice is a more easily justified sanction for failure to prosecute."). If this lawsuit is not being pursued and merely sits in limbo, there is no opportunity to resolve the action on its merits or to apply other sanctions (short of dismissal). Realistically, monetary sanctions or other lesser sanctions imposed against a *pro se* litigant may not be either practical or proportionate because, for a *pro se* Plaintiff seeking leave to proceed *in forma pauperis*, monetary sanctions may be unintentionally or unnecessarily punitive. As a corollary, monetary sanctions imposed on a *pro se* Plaintiff seeking IFP status may be ineffective and illusory because they may be uncollectable. Further, this action is in its infancy and it is recommended that dismissal be without prejudice; the severity of such a sanction is significantly mitigated in this context.

As the foregoing record shows, Plaintiff has been given numerous warnings and opportunities to explain himself to avoid this outcome. *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that dismissal is imminent."). Having considered all the relevant factors and applicable legal standards, the Court finds that the dismissal of this case without prejudice for failure to prosecute and for failure to obey Court Orders

is appropriate. *See Dreith*, 648 F.3d at 788. Accordingly, the Court finds appropriate, and thus recommends, the "less-drastic" sanction of dismissal of this action without prejudice. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

## CONCLUSION

For all the reasons discussed herein, the Court **ORDERS** that the Order to Show Cause [Dkt. 7] is made **ABSOLUTE**.

Given the procedural posture of this case, the Defendant has not yet been served with the Complaint and thus not all Parties have consented to Magistrate Judge jurisdiction in this matter. *See* 28 U.S.C. § 636. Accordingly, the Court **ORDERS** that this case be reassigned to a District Judge for resolution in light of this **REPORT** and **RECOMMENDATION** that the case be **DISMISSED WITHOUT PREJUDICE** for failure to diligently prosecute this case and failure to obey Court Orders, including for failure to respond to the October 22, 2025 Order to Show Cause [Dkt. 7], and for failure to file an amended application to proceed *in forma pauperis* in response to the Order of June 23, 2025 [Dkt. 6]. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").

**If Plaintiff wishes to file an objection to this Report and Recommendation, Plaintiff must do so within fourteen (14) days of the date on which Plaintiff receives this Report and Recommendation.**

The Clerk of Court is **DIRECTED** to send a copy of this Order and Report and Recommendation for Dismissal to Plaintiff's address of record.

**IT IS SO ORDERED AND IT IS SO REPORTED AND RECOMMENDED.**

Dated: December 9, 2025

_____
PETER H. KANG
United States Magistrate Judge